# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GODWIN,<br><br>       Plaintiff,<br><br>   v.<br><br>DAWNA FRENCHIE REEVES,<br>Stanislaus County Superior Court Judge,<br><br>       Defendant. | Case No.  1:14-cv-00572-MJS (PC)<br><br>**ORDER (1) DENYING APPOINTMENT OF COUNSEL WITHOUT PREJUDICE; and (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF Nos. 1, 3)**<br><br>**AMENDED PLEADING DUE IN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court are Plaintiff's (1) motion for appointment of counsel, and (2) Complaint for screening.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

1

1  any portion thereof, that may have been paid, the court shall dismiss the case at any
2  time if the court determines that . . . the action or appeal . . . fails to state a claim upon
3  which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4  **II.     PLEADING STANDARD**

5  Section 1983 "provides a cause of action for the deprivation of any rights,
6  privileges, or immunities secured by the Constitution and laws of the United States."
7  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983.
8  Section 1983 is not itself a source of substantive rights, but merely provides a method
9  for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386,
10  393-94 (1989).

11  To state a claim under § 1983, a plaintiff must allege two essential elements: (1)
12  that a right secured by the Constitution or laws of the United States was violated and (2)
13  that the alleged violation was committed by a person acting under the color of state law.
14  See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243,
15  1245 (9th Cir. 1987).

16  A complaint must contain "a short and plain statement of the claim showing that
17  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations
18  are not required, but "[t]hreadbare recitals of the elements of a cause of action,
19  supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.
20  662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
21  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is
22  plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that
23  a defendant committed misconduct and, while factual allegations are accepted as true,
24  legal conclusions are not. *Id.* at 667-68.

25  **III.    PLAINTIFF'S ALLEGATIONS**

26  Plaintiff claims Defendant Stanislaus County Superior Court Judge Dawna
27  Frenchie Reeves, who presided over his criminal proceedings, refused to disqualify
28  herself and engaged in judicial misconduct. Plaintiff could not defend the charges

against him. He plead to some charges, and Defendant found him guilty of others.

He seeks monetary damages and an order preventing Defendant from acting in the manner described.

**IV.    ANALYSIS**

**A.    Judicial Immunity**

"Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts.  . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); see also *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008).

A state court judge is unqualifiedly immune from suits for damages arising from his or her judicial acts. *Sparks v. Duval County Ranch Co., Inc.*, 604 F.2d 976, 978-80 (5th Cir. 1979); see also *Serrano v. People of State of Cal.*, 361 F.2d 474, (9th Cir. 1966) (the Superior Court of California is immune from suit under § 1983).

"To determine if a given action is judicial . . . , courts [should] focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman*, 793 F.2d at 1075-76.

Plaintiff claims Defendant engaged in judicial misconduct. She denied his motions, refused to disqualify herself even though biased against him, prevented his self-representation, and badgered him into accepting a plea bargain. He maintains Defendant prevented him from properly defending the charges. These all appear to be judicial acts for which Defendant is absolutely immune. See *Mireles v. Waco, 502 U.S. 9, 11 (*1991) (judges retain their immunity when they are accused of acting maliciously or corruptly); *Ashelman*, 793 F.2d at 1077 (judges retain immunity when acting in error).

1    Defendant is judicially immune from claims alleged.

2    **B.    Claim Challenging Confinement**

3    It has long been established that state prisoners cannot challenge the fact or

4    duration of their confinement in a § 1983 action and their sole remedy lies in habeas

5    corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the

6    favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad

7    scope applies whenever state prisoners "seek to invalidate the duration of their

8    confinement—either directly through an injunction compelling speedier release or

9    indirectly through a judicial determination that necessarily implies the unlawfulness of

10   the State's custody." *Wilkinson*, 544 U.S. at 81. "[A] state prisoner's § 1983 action is

11   barred (absent prior invalidation) if success in that action would necessarily

12   demonstrate the invalidity of confinement or its duration." *Id.* at 81-2; *Heck v. Humphrey*,

13   512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or

14   sentence occurs, no cause of action under § 1983 exists).

15   It appears success on Plaintiff's judicial misconduct claim would impact the fact

16   or duration of his confinement and be *Heck* barred. Plaintiff's remedy is in habeas

17   corpus.

18   **C.    Injunctive Relief**

19   Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,

20   never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22

21   (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of

22   success on the merits and the possibility of irreparable injury, or (2) the existence of

23   serious questions going to the merits and the balance of hardships tipping in [the

24   moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*,

25   762 F.2d 1374, 1376 (9th Cir.1985), quoting *Apple Computer, Inc. v. Formula

26   International, Inc.*, 725 F.2d 521, 523 (9th Cir.1984); see *City of Los Angeles v. Lyons*,

27   461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

28   Plaintiff cannot seek injunctive relief where there is no underlying federal claim.

1   *City of Los Angeles*, 461 U.S. at 101-02 (plaintiff must show a "case or controversy" and

2   "real and immediate" threat of injury). Plaintiff has no cognizable claim against named

3   Defendant for the reasons stated.

4          Additionally, though judicial immunity for state defendants does not extend to

5   actions for prospective injunctive relief, see *Mireles v. Waco*, 502 U.S. 9, 10 n.1 (1991),

6   § 1983 prohibits the grant of injunctive relief against any judicial officer acting in her or

7   his official capacity "unless a declaratory decree was violated or declaratory relief was

8   unavailable."  42 U.S.C. § 1983.

9          Plaintiff does not allege a declaratory decree was violated or declaratory relief

10  was unavailable.

11         The allegations are not sufficient to support injunctive relief.

12     **D.    Appointment of Counsel**

13         Plaintiff does not have a constitutional right to appointed counsel in this action,

14  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other

15  grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an

16  attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United*

17  *States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In

18  certain exceptional circumstances the Court may request the voluntary assistance of

19  counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a

20  reasonable method of securing and compensating counsel, the Court will seek

21  volunteer counsel only in the most serious and exceptional cases. In determining

22  whether "exceptional circumstances exist, the district court must evaluate both the

23  likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her

24  claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at

25  1525. Neither of these factors is dispositive and both must be viewed together before

26  reaching a decision on request of counsel under section 1915(d). *Wilborn v.*

27  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Palmer v. Valdez*, 560 F.3d 965, 970

28  (9th Cir. 2009). The burden of demonstrating *exceptional* circumstances is on the

1  Plaintiff. See *Palmer*, 560 F.3d at 970 (plaintiff "has not made the requisite showing of

2  exceptional circumstances for the appointment of counsel.").

3       Plaintiff does not demonstrate exceptional circumstances supporting appointment

4  of counsel. 28 U.S.C. § 1915(e)(1); *Rand*, 113 F.3d at 1525. He has yet to state a

5  cognizable federal claim.[1] The facts alleged appear straightforward and unlikely to

6  involve extensive investigation and discovery. Plaintiff has to date demonstrated

7  reasonable writing ability and legal knowledge. Moreover, it is not apparent on the

8  record that before bringing this request, Plaintiff exhausted diligent effort to secure

9  counsel.[2] Plaintiff's lack of funds alone does not demonstrate that efforts to secure

10  counsel necessarily would be futile.

11       Plaintiff's request for appointment of counsel will be denied without prejudice.

12  **V.   CONCLUSIONS AND ORDER**

13       Plaintiff is not presently entitled to appointment of counsel. The § 1983 claims

14  alleged are barred by judicial immunity. The Court will grant an opportunity to file an

15  amended complaint consistent with the foregoing. *Lopez v. Smith*, 203 F.3d 1122, 1130

16  (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

17       If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

18  deprivation of his constitutional rights. *Iqbal*, 129 S.Ct. at 1948-49. Plaintiff must set

19  forth "sufficient factual matter . . . to state a claim that is plausible on its face." *Id.* at

20  1949, quoting *Twombly*, 550 U.S. at 555.

21       Plaintiff should note that although he has been given the opportunity to amend, it

22  is not for the purposes of adding new claims. *George v. Smith*, 507 F.3d 605, 607 (7th

23  Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on

24  curing the deficiencies set forth above.

25       Finally, Plaintiff is advised that Local Rule 220 requires that an amended

26  [1] Plaintiff's boilerplate motion incorrectly asserts this matter has passed screening. See ECF No. 3 at 3:7-

27  8.

28  [2] See e.g., *Thornton v. Schwarzenegger*, 2011 WL 90320, *3–4 (S.D. Cal. January 11, 2011) (cases cited).

complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed April 21, 2014,

2. Plaintiff's request for appointment of counsel is DENIED without prejudice,

3. Plaintiff's § 1983 Complaint is barred by judicial immunity and DISMISSED on that basis,

4. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

5. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend this action be dismissed, with prejudice.

IT IS SO ORDERED.

Dated:   April 30, 2014         /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE