# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GODWIN,<br><br>                  Plaintiff,<br><br>        v.<br><br>DAWNA FRENCHIE REEVES,<br>Stanislaus County Superior Court Judge,<br><br>                  Defendant. | Case No.  1:14-cv-00572-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS (1) DENYING APPOINTMENT OF COUNSEL, (2) DENYING LEAVE TO AMEND, and (3) DISMISSING ACTION**<br><br>**(ECF No. 6)**<br><br>**FOURTEEN-DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court are Plaintiff's (1) motion for appointment of counsel, (2) motion to file amendment to First Amended Complaint, and (3) First Amended Complaint for screening.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee,

1    or any portion thereof, that may have been paid, the court shall dismiss the case at any
2    time if the court determines that . . . the action or appeal . . . fails to state a claim upon
3    which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
4
     II.    PLEADING STANDARD
5
6          Section 1983 "provides a cause of action for the deprivation of any rights,
7    privileges, or immunities secured by the Constitution and laws of the United States."
8    *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983.
9    Section 1983 is not itself a source of substantive rights, but merely provides a method
10   for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386,
11   393-94 (1989).
12
13         To state a claim under § 1983, a plaintiff must allege two essential elements: (1)
14   that a right secured by the Constitution or laws of the United States was violated and (2)
15   that the alleged violation was committed by a person acting under the color of state law.
16   See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243,
17   1245 (9th Cir. 1987).
18
19         A complaint must contain "a short and plain statement of the claim showing that
20   the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations
21   are not required, but "[t]hreadbare recitals of the elements of a cause of action,
22   supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.
23   662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
24   Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is
25   plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that
26   a defendant committed misconduct and, while factual allegations are accepted as true,
27   legal conclusions are not. *Id.* at 667-68.
28

**III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff claims Defendant Stanislaus County Superior Court Judge Dawna Frenchie Reeves, who presided over his criminal proceedings, was biased against him, refused to disqualify herself, improperly denied his pretrial motions and habeas petition, and coerced him to accept court appointed counsel and plea bargain. This violated his federal and state constitutional right to a fair trial. Defendant prevented him from defending the charges against him.

He seeks monetary damages and an order preventing Defendant from acting in the manner described.

**IV.    DISCUSSION**

**A.    Judicial Immunity**

Defendant is entitled to immunity from suits for damages unless she acted beyond her jurisdiction or took actions that are not a normal judicial function. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); see also *Serrano v. People of State of Cal.*, 361 F.2d 474, (9th Cir. 1966) (the Superior Court of California is immune from suit under § 1983).

Plaintiff asserts Defendant's aforementioned actions took place outside the court's jurisdiction and were non-judicial. However, this assertion is inconsistent with the facts and claims pled. The wrongful conduct attributed to Defendant, denying his motions, refusing to disqualify herself even though biased against him, preventing his self-representation, and badgering him to accept appointed counsel and a plea bargain are patently judicial acts. They took place in court in criminal matters then pending before Defendant in her official capacity and jurisdiction as a state court judge. See e.g., *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986).

3

Defendant's judicial immunity is a bar to Plaintiff's claim for damages. Plaintiff is referred to the prior screening order which discussed this deficiency at length. (See ECF No. 5.)

Accordingly, Defendant appears to be absolutely immune from damages. See *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judges retain their immunity when they are accused of acting maliciously or corruptly); *Ashelman*, 793 F.2d at 1077 (judges retain immunity when acting in error).

### B.    Claim Challenging Confinement

Moreover, success on Plaintiff's judicial misconduct claim would appear to impact the fact or duration of his conviction and confinement such that his sole remedy lies in habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-2; *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

It appears Plaintiff's claims are *Heck* barred. This appears so regardless of whether it is Plaintiff's intention to have his sentence modified.

### C.    Injunctive Relief

Injunctive relief is unavailable where there is no underlying federal claim. *City of*

4

*Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (plaintiff must show a "case or controversy" and "real and immediate" threat of injury). Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984).

Plaintiff has no cognizable federal claim against Defendant for the reasons stated.

Additionally, though judicial immunity for state defendants does not extend to actions for prospective injunctive relief, see *Mireles*, 502 U.S. at 10 n.1, § 1983 prohibits the grant of injunctive relief against any judicial officer acting in her or his official capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff does not allege a declaratory decree was violated or declaratory relief was unavailable.

The allegations do not appear to be sufficient to support injunctive relief.

### D.    State Constitutional Claims

There is no private right of action for damages for violation of California Constitution sections 7 or 17, *Katzberg v. Regents of the University of California*, 29 Cal.4th 300, 329 (2002); *Davis v. Kissinger*, No. CIV S–04–0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D. Cal. Feb. 3, 2009), and sections 15 and 24 thereof pertain to the

rights of defendants in criminal and not civil rights cases.[1] Plaintiff's California

Constitutional claims are not cognizable.

   Plaintiff does not allege compliance with the California Tort Claims Act ("CTCA").

See Cal. Gov't. Code § 900 et seq. The CTCA requires tort claims against a public

entity or its employees be presented to the California Victim Compensation and

Government Claims Board, formerly known as the State Board of Control, no more than

six months after the cause of action accrues. See Cal. Gov't. Code §§ 905.2, 910,

911.2, 945.4, 950- 950.6. Presentation of a written claim, and action on or rejection of

the claim, are conditions precedent to suit. *Mangold v. California Pub. Utils. Comm'n*, 67

F.3d 1470, 1477 (9th Cir. 1995). State Tort Claims Act requirements apply to state

constitutional claims. See *City of Monterey v. Del Monte Dunes at Monterey Ltd.*, 526

U.S. 687, 709 (1999) ("There can be no doubt that claims brought pursuant to § 1983

sound in tort.")

   Even if Plaintiff had alleged a cognizable state law claim and compliance with

CTCA requirements, this Court would not exercise supplemental jurisdiction over the

claim because Plaintiff failed to state a cognizable federal claim. 28 U.S.C. § 1367(c)(3);

*Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 805 (9th Cir. 2001). The

Supreme Court has cautioned that "if the federal claims are dismissed before trial  . . .

the state claims should be dismissed as well." *United Mine Workers of America v.*

*Gibbs,* 383 U.S. 715, 726 (1966).

   It appears Plaintiff's state law claims are deficient.

---

[1] California courts have not determined whether a plaintiff may seek damages under section 24 of the
California Constitution. In *Degrassi v. Cook*, 29 Cal.4th 333 (2002), the California Supreme Court
examined whether an individual could bring an action for money damages on the basis of an alleged
violation of a provision of the California Constitution, in the absence of a statutory provision or an
established common law tort authorizing such a damage remedy for the constitutional violation. The
California Supreme Court held that an action for damages was not available.

**E.      Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating *exceptional* circumstances is on the plaintiff. See *Palmer*, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel.").

Plaintiff does not demonstrate exceptional circumstances supporting appointment of counsel. 28 U.S.C. § 1915(e)(1); *Rand*, 113 F.3d at 1525. He has yet to state a cognizable claim. The facts alleged appear straightforward and unlikely to involve extensive investigation and discovery. Plaintiff has to date demonstrated reasonable writing ability and legal knowledge. Moreover, it is not apparent on the record that

before bringing this request, Plaintiff exhausted diligent effort to secure counsel.[2]
Plaintiff's lack of funds alone does not demonstrate that efforts to secure counsel
necessarily would be futile.

Plaintiff's request for appointment of counsel should be denied without prejudice.

### F.    Leave to Amend First Amended Complaint

"Courts should freely give leave when justice so requires." Fed. R. Civ. P.
15(a)(2); *Waldrip v. Hall,* 548 F.3d 729, 732 (9th Cir. 2008). However, it is well-
established that the court may deny leave to amend if amendment would be futile. *Serra
v. Lapin*, 600 F.3d 1191, 1200 (9th Cir. 2010). Moreover, amended pleadings must be
complete within themselves without reference to another pleading. Partial amendments
are not permissible. Local Rule 220.

Plaintiff requests lease to amend the First Amended Complaint "by adding one
issue". (See ECF No. 6 at 29.) He neglects to identify the "one issue" he wishes to add
and explain how amendment could be consistent with the prior screening order. Plaintiff
may not file an amendment supplemental to his pleading. Local Rule 220.

Additionally, Plaintiff appears to have no viable claim against Defendant for the
reasons stated. Plaintiff has not overcome the deficiencies in his claims despite the
opportunity to do so. Nothing reasonably suggests he can successfully amend and
further opportunity to do so seems futile. See e.g., *Jones v. Bernanke*, 685 F.Supp.2d
31, 35 (D.D.C. 2010) (the Court has broad discretion in denying supplemental pleading
where, as is presently the case here, the interests of judicial economy and convenience
are not furthered).

## V.    CONCLUSIONS AND RECOMMENDATIONS

---

[2] See e.g., *Thornton v. Schwarzenegger*, 2011 WL 90320, *3–4 (S.D. Cal. Jan. 11, 2011) (cases cited).

The undersigned concludes that Plaintiff is not entitled to appointment of counsel, that the request to amend the First Amended Complaint is procedurally and substantively deficient, that Defendant is entitled to judicial immunity from suit for damages, and that Plaintiff's § 1983 claims are barred by *Heck*. Plaintiff failed to correct deficiencies in his claims notwithstanding the opportunity to do so.

Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED that Plaintiff's request for appointment of counsel be DENIED, that he be DENIED leave to amend the First Amended Complaint, and that this action be DISMISSED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    August 4, 2014                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

9